IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**HOLLY JOHNSTON**,

    Plaintiff,

    v.

**KIMBERLY CLARK**
**GLOBAL SALES, LLC**,

    Defendant.

No. 3:10-CV-540-PK

OPINION AND ORDER

**MOSMAN, J.**,

On August 19, 2010, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [60] in the above-captioned case recommending that defendant's Motion for Summary Judgment [42] be GRANTED. Plaintiff filed objections [63] and defendant filed a response [64]. I adopt the F&R as my own opinion with regard to Judge Papak's legal conclusions. Plaintiff's objections elucidated a single evidentiary issue to a greater extent than was originally presented to Judge Papak. I adopt the reasoning behind the legal conclusion in the F&R with the exception of that sole evidentiary point, which I will discuss that below.

## STANDARD OF REVIEW

The Magistrate Judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the Magistrate Judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

conduct a *de novo* review of those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* standard or under any other standard, the factual conclusions of the magistrate judge as to those portions of the F&R to which neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which this court is required to review the F&R depends on whether objections have been filed, in either case, the court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Plaintiff's objections raise various issues, only one of which requires discussion: whether direct evidence that a purported business concern was objectively unreasonable can constitute circumstantial evidence that the stated concern was a cover for an improper purpose. Judge Papak took the following position:

> I disagree with [plaintiff's] suggestion that the exaggerated nature of the concern could create a question of fact as to KCGS's motive: even the clearest evidence that a concern is overblown does not constitute evidence that the concern is either insincere or nonexistent.

F&R [60] 14. Plaintiff objected that Judge Papak's position constitutes an incorrect statement of the law of evidence, stating "a jury could reasonably conclude that the existence of such a device may bear on whether the belief was sincerely held or not...." Objections [63] 8. In the main, Judge Papak is correct that the evidence in the record at bar ultimately does not permit a rational inference of improper motive. Nevertheless, the law as it appears in both federal courts and Oregon supports plaintiff's position in the abstract.

2 – OPINION AND ORDER

The most instructive cases deal with employment discrimination and retaliatory discharge, both of which also require a showing of a defendant's improper motive. These cases hold that direct evidence is not a requisite for establishing an improper motive, and that a direct attack on the merits of a permissible motive may constitute sufficient circumstantial evidence of an impermissible motive. In *St. Mary's Honor Center v. Hicks*, a plaintiff alleged that his discharge was racially motivated. 509 U.S. 502 (1993). He provided no direct evidence of motive; his case was limited to an attack on the merits what the defendant claimed where legitimate reasons *Id*. at 508. The Court stated "rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination… 'no additional proof of discrimination is required'" *Id*. at 511 (citations omitted).

The Ninth Circuit has endorsed this principle in the specific context of retaliatory motive. In *Stegall v. Citadel Broadcasting Co*., an employee claimed that the motivation behind her discharge was retaliatory. She supported this claim solely with evidence attacking the credibility of the employer's proffered legitimate motive. 350 F.3d 1061 (9th Cir. 2003). The court stated "[the plaintiff] has two avenues available for showing that the [defendant's] legitimate explanation for firing her is actually a pretext for retaliation…by directly persuading the court that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id*. at 1066 (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

Oregon courts applying Oregon law have adopted the relevant portions of the federal courts' reasoning. *See, e.g.*, *Henderson v. Jantzen, Inc.*, 79 Or.App. 654, 657 (1986) (regarding motive: "[t]he opinion in *Burdine* restates the rules of *McDonnell Douglas Corp. v. Greene*…we rejected the shifting burden formula of *McDonnell Douglas*, but we did not reject the federal

3 – OPINION AND ORDER

cases' description of the *prima facie* case" (citations omitted)); see also *Durham v. City of Portland*, 181 Or.App. 409, 423 (2002) ("the plaintiff may attempt to establish that he was the victim of intentional discrimination 'by showing that the employer's proffered explanation is unworthy of credence.'" (citing *Burdine*, 450 U.S. at 256)).

While the law of employment discrimination is distinct from that of intentional interference with economic relations, the evidentiary reasoning in these cases is not confined to the discrimination context. Rather, that language suggests merely intent to apply well-settled principles of law. *See, e.g., Stegall*, 350 F.3d at 1066 ("As in all civil cases, [the plaintiff] can prosecute her case using either direct or circumstantial evidence"). The cases set forth in the previous paragraphs persuade this Court that in the context of Intentional Interference with Economic Relations, the retaliatory-motive element can be proven by evidence that discredits the defendant's proffered non-retaliatory motive.

This framework applies with some force to one of the two concerns Kyle Kappes purported to harbor as his motivations for contacting plaintiff's employer in this case. Mr. Kappes stated that he was concerned that plaintiff's suit against I-Flow could have adverse collateral consequences for KCGS if "somehow it came to light that one of [Banner & Witcoff's own attorneys was suing [KCGS]."  Decl. of R. Hernandez [34] Ex. B ("Kappes Dep.") 13:14-18. Plaintiff has offered expert testimony of Gary Kahn to support her position that Mr. Kappes's alleged concern was meritless. *See* Pl.'s Opp. Mem. to Summ. J., [46] 5 n.3. The substance of Mr. Kahn's testimony – *i.e.*, that a motion *in limine* would succeed in preventing information about the lawsuit from ever reaching a jury – does not meet with any opposing evidence in the record before the Court. That testimony, combined with the fact that Mr. Kappes was a lawyer himself, casts substantial doubts on the credence of that concern Mr. Kappes purported to have. From that evidence, a rational jury

4 – OPINION AND ORDER

could conceivably find that the concern is so objectively unreasonable that it yields an inference that Mr. Kappes is unlikely ever to have sincerely harbored the concern. If no other permissible motive were offered, a jury could further infer that Mr. Kappes's actual motive was an impermissible retaliatory one. Thus, if Mr. Kappes had only expressed the concern that plaintiff's suit against I-Flow could harm defendant KCGS in future litigation, plaintiff's case would survive summary judgment.

But in fact, Mr. Kappes also offered the concern that he "wasn't sure if [the wall] completely resolved the ethical issue or not." Kappes Dep. [34] Ex. 2, 13:7. The evidence attacking that concern does not permit the same inferences of illegitimacy as the attack on Mr. Kappes's other stated concern. On this second point, the record before the Court can, at best, show that the wisdom of Mr. Kappes's position is a debatable proposition among experts. By contrast to Mr. Kahn's unopposed statements regarding the future litigation concern, *supra*., here the record reveals competing expert opinions: the Vorys firm issued an opinion that walling plaintiff off did not ameliorate all potential ethical issues, and Peter Jarvis opined that the Vorys Opinion was incorrect. See Pl.'s Opp. Mem. to Summ. J. [46] 8-9. Even in the light most favorable to the non-moving party, the most that could be said – in the context of the exercise of business judgment – is that Mr. Kappes was wrong. *See White v. Vathally*, 732 F.2d 1037, 1042 (1st Cir. 1984) ("[the court's] review does not extend to the quality of business judgment reflected in [a defendant's] testimony…but only to the question whether the testimony suffices to raise a genuine issue of fact as to defendants' intent…." (citations omitted)). The existence of expert testimony in support of Mr. Kappes's business judgment – regardless of its accuracy – precludes a finding that such a position is so clearly unreasonable that a reasonable person would not sincerely have held it.

5 – OPINION AND ORDER

In sum, where a claim for Intentional Interference with Economic Relations rests on an improper purpose theory, the factual dispute must turn on what motivated a business decision, not on whether that motive was wise or even whether it was reasonable. Clear evidence establishing that a stated motive is illegitimate creates an evidentiary influence of improper purpose. Evidence establishing that a motive is wrong falls short of creating the same inference. Because Mr. Kappes alleged two permissible motives, and because the jury only has sufficient circumstantial evidence to reject one of them as insincere, summary judgment for the defendant is appropriate.

## CONCLUSION

Upon review, I ADOPT Judge Papak's F&R [60] as my own opinion as to his legal conclusions with the additional explanation provided herein. Defendant's Motion for Summary Judgment [43] shall be GRANTED.

IT IS SO ORDERED.

DATED this  16th  day of December, ~~2010~~ 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court